KLIEBERT, Chief Judge.
The domestic matter before us concerns the proper method to partition a divorced spouse’s retirement account. By judgment dated February 1, 1992, the trial court determined the retirement accounts of William and Margaret Wirstrom were to be partitioned utilizing the Sims[1] formula. Only Mr. Wirstrom appeals. We affirm.
The parties were married in February 1962. Mr. Wirstrom joined the Air Force in October 1962 and became an Air Force Reservist in 1976. He began flying for Trans World Airline (TWA) in September 1982. The litigants were divorced and the community existing between them was terminated effective in July of 1981. Subsequently, they entered into a community property partition which did not specifically address either spouse’s interest in pension or retirement accounts. By judgment dated July 15, 1991, the trial court ruled Mrs. Wirstrom could litigate her interest in her former husband’s pension plans. This judgment was not appealed and is now definitive.
The matter then proceeded to trial on the issues of Mrs. Wirstrom’s interest in her former husband’s Air Force and TWA pensions and Mr. Wirstrom’s interest in his former wife’s Louisiana State Retirement System pension. By judgment dated February 21, 1992, the trial court determined that upon retirement all three accounts would be partitioned utilizing the Sims formula.
Mr. Wirstrom appeals. He argues, as he did in the trial court, that the Sims formula should be modified based on the facts of this case, so as, not to benefit his former spouse for his increased pay attributable to his past community efforts. He contends *217 Hare v. Hodgins, 586 So.2d 118 (La.1991) mandates this Court to modify the Sims formula because his personal effort or achievement produced such an increase in pay that the retirement benefits must be reallocated using the highest income he would have received under the normal course of events. He argues that obtaining the rank of Colonel while a member of the volunteer reserve forces of the USAP is a meritorious achievement and this promotion was accomplished during the ten year period following his divorce.[2] Thus, according to Mr. Wirstrom, his former spouse should not be allowed to take advantage of his increased pension benefits attributable to his post-community employment. While we agree the Supreme Court has sanctioned modifying the Sims formula in certain cases to provide for a more equitable division of pension benefits; we find no error in the trial court’s determination that the Sims formula shall be utilized in this instance. As stated by the Hare court at page 128:
“In general, the partitioning court should inquire as to whether a substantial post-community increase is due to personal effort or achievement after the termination of the community that has little or no relationship with the prior community. The community should not be given credit when a substantial post-community increase to a retirement fund is due to a singular personal factor such as individual effort, education or achievement resulting in a merit raise or an extraordinary promotion or series of promotions. For example, such an increase in benefits might occur where the employee spouse attains a significantly higher-paying position while remaining within the coverage of the same pension plan, either through earning a post-community degree, or transfer within the company to an unrelated area of service. Such increases are not ‘acquired during the existence of the legal regime through the effort, skill, or industry of either spouse’ are not fairly ascribable to the community and should not be considered community property. La.Civ.Code arts. 2338. On the other hand, when such an increase results from nonpersonal elements such as longevity raises, cost-of-living raises, forfeitures by terminated employees, and investment returns, the community should participate in that gain. Drawing the line in this manner is consistent with the codal scheme for classification of property as community or separate, is fair, and is consistent with the reasonable expectations of the parties. The employee spouse should expect to profit individually from his extraordinary personal industry after divorce, and the non-employee spouse is entitled to expect to share in the benefits earned by his or her investment in the community. Id.
When an employee spouse believes that the income he or she will receive on retirement contains a substantial increment ascribable to his or her personal effort or achievement after termination of the community, that spouse may request the court to adjust the community fraction to credit his or her separate property with that increment. Should the trial court agree that the pension was increased due to the employee spouse’s personal effort or achievement, benefits may then be reallocated using the highest income the employee spouse would have received under the normal course of events, including ordinary promotions and cost increases and gains due to non-personal factors. Because the employee spouse is generally in a position of superior knowledge and is attempting to prove the unusual or unlikely case, the burden of going forward with evidence and of persuasion on this issue properly should be assigned to the employee spouse. (Citations omitted)
Mr. Wirstrom has not met his burden of proof in this regard. The only evidence of record concerning earnings is the couple’s 1982 tax return. There was no evidence presented concerning Mr. Wirstrom’s current pay; what raises he may have received since 1982 and the relationship be *218 tween any raises he may have received and his pre and post-community efforts; and his anticipated pay at retirement. While he testified that his personal and post-community efforts were responsible for a substantial pay increase, there is no evidence of record for us to make a determination as to which of his post-community increases in compensation, if any, was due purely to his personal effort or skill and unrelated to the prior community earnings. Accordingly, we find no error in the trial court judgment mandating the use of the Sims formula to partition Mr. Wirstrom’s Air Force pension.
For the foregoing reasons, the trial court judgment is affirmed. Each party to bear his own costs of this appeal.
AFFIRMED.

. Sims v. Sims, 358 So.2d 919 (La.1978).

. Mr. Wirstrom was a major when the community was terminated.